# UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF TENNESSEE

IN RE:

PEACOCK JEWELERS, LLC,

    Debtor.

)
)
)
)
)
)

Case No: 3:23-bk-03951
Chapter 7
Judge Walker

---

ERICA R. JOHNSON, TRUSTEE,

    Plaintiff,

v.

CAPITAL ONE, N.A.,

    Defendant.

)
)
)
)
)
)
)
)
)
)

Adv. Proc. No. 3:25-ap-90120

---

ERICA R. JOHNSON, TRUSTEE,

    Plaintiff,

v.

SYNCHRONY BANK,

    Defendant.

)
)
)
)
)
)
)
)
)
)

Adv. Proc. No. 3:25-ap-90123

---

ERICA R. JOHNSON, TRUSTEE,

    Plaintiff,

v.

U.S. BANK, N.A.,

    Defendant.

)
)
)
)
)
)
)
)
)
)

Adv. Proc. No. 3:25-ap-90124

---

**THE DEADLINE FOR FILING A RESPONSE IS: <u>August 18, 2026</u>**
**IF A RESPONSE IS TIMELY FILED, THE HEARING WILL BE:**
<u>**Wednesday, September 2, 2026, at 11:00 a.m.**</u>**, in Courtroom 2, United States Bankruptcy Court, 701 Broadway, Nashville, Tennessee (Virtual Hearing if Allowed; See Court's Website for Details)**

---

    The relief described below is being requested from the Court. **YOUR RIGHTS MAY BE AFFECTED.** If you do not want the court to grant this request, you or your attorney must file a response or objection by the deadline, explaining why you are

opposed. **If a response or objection is not filed, the Court may grant the request without a hearing.** Any response must identify the motion to which you are responding and state the response deadline and hearing date.

The Court's filing requirements and instructions can be located on the Court's website at www.tnmb.uscourts.gov/9013. If you need assistance, you may call the Bankruptcy Court at (615) 736-5584 or visit the Bankruptcy Court in person at 701 Broadway, 1st Floor, Nashville, TN during operating hours.

---

## TRUSTEE'S MOTION
## TO APPROVE COMPROMISE AND SETTLEMENT

Chapter 7 trustee Erica R. Johnson hereby submits this motion (the "Motion") for this Court to enter an order (the "Order"), substantially in the form submitted herewith, approving the compromise and settlement of the above adversary proceedings filed in this matter. In support of this Motion, the Trustee respectfully represents as follows:

## BACKGROUND

1. Peacock Jewelers, LLC (the "Debtor") filed a voluntary Chapter 7 petition in this Court on October 27, 2023 (the "Petition Date"). Plaintiff Erica R. Johnson was appointed to serve as the Chapter 7 Trustee.

2. The Trustee reviewed the Debtor's list of transfers within the years prior to and following the bankruptcy filing and determined that several individuals or entities received potentially fraudulent and post-petition transfers, including Synchrony Bank, U.S. Bank, N.A., and Capital One, N.A. in these underlying adversary proceedings.

3. For Synchrony Bank, the Trustee found that it received $11,713.56 in both fraudulent pre-petition transfers and in avoidable post-petition transfers. For U.S. Bank, the Trustee found that it received fraudulent transfers totaling $12,954.58 before the Petition Date. And for Capital One, the Trustee found it received $79,000.00 in both fraudulent pre-petition transfers and in avoidable post-petition ones.

4. To get those transfers back, the Trustee filed the following complaints:

| Adversary Proceeding No. (the "APs") | Defendant (the "Defendants") |
|---|---|
| 25-ap-90120 | Capital One, N.A. |
| 25-ap-90123 | Synchrony Bank |
| 25-ap-90124 | U.S. Bank, N.A. |

5.    Defendants responded informally to the APs and, after evaluating their positions, offered to settle, and the parties have since executed settlement agreements contingent upon this Court approving the terms below:

a. Capital One, N.A.; AP No. 25-ap-90120:

   i.   Within 30 days of this Court entering the attached order approving this settlement, Capital One shall pay to the estate $25,000.00 (the "Payment").

   ii.  The "Effective Date" shall be the later of (a) the date the order becomes final and non-appealable and (b) the date the Trustee receives the Payment. Within 30 days of the Effective Date, the Trustee shall dismiss this AP with prejudice.

   iii. Upon the Effective Date, the Trustee releases Capital One from all claims related to the transfers or the AP that the Debtor or the estate may have against it, or its officers, agents, or employees.

   iv.  Upon the Effective Date, Capital One releases the Trustee and the estate from all claims related to the transfers or the AP that the Trustee or the estate may have against it, or its officers, agents, or employees.

   v.   Capital One admits no liability for its conduct or the conduct of its agents or employees.

b. Synchrony Bank; AP No. 25-ap-90123:

   i.   Within 30 business days of this Court entering the attached order and it becoming final and non-appealable, Synchrony will pay to the estate $2,500.00 (the "Payment").

   ii.  The "Effective Date" shall be the later of (a) the date the order becomes final and non-appealable and (b) the date the Trustee

receives the Payment. Within 10 days of the Effective Date, the Trustee shall dismiss this AP with prejudice.

iii. As of the Effective Date, Synchrony releases the Trustee, Debtor, and each's counsel from all claims it may have against the Trustee or Debtor related to the transfers or Payment.

iv. As of the Effective Date, the Trustee releases Synchrony, its agents, employees, and assigns from all claims the Trustee or Debtor may have against it relating to the transfers, Payment, Debtor, Debtor's business, and Bankruptcy Case.

v. Synchrony admits no liability for its conduct or the conduct of its agents or employees.

c. <u>U.S. Bank, N.A.; AP No. 25-ap-90124</u>:

i. Within 10 business days of this Court entering the attached order and it becoming final and non-appealable, U.S. Bank will pay to the estate $10,300.00 (the "Payment"), and that Payment may be added or charged back to the outstanding balance of the U.S. Bank accounts to which any portion of the Payment was originally made and credited.

ii. The "Effective Date" shall be the later of (a) the date the order becomes final and non-appealable and (b) the date the Trustee receives the Payment. Within 10 days of the Effective Date, the Trustee shall dismiss this AP with prejudice.

iii. As of the Effective Date, U.S. Bank releases the Trustee, Debtor, and each's counsel and other professionals from all claims it may have against the Trustee or Debtor relating to the transfers or Payment, except that U.S. Bank releases no claims or rights against Paul G. Wilson or any person or entity that received a direct or indirect benefit from the transfers made by Debtor.

iv. As of the Effective Date, the Trustee, for herself and on behalf of Debtor and its professionals, releases U.S. Bank, its employees,

and its agents from all claims it may have against it relating to the transfers, the Payment, Debtor's business, and the Bankruptcy Case.

v. U.S. Bank admits no liability for its conduct or the conduct of its agents or employees.

6. It is the Trustee's opinion that these settlements are in the estate's best interests, as it is more beneficial to creditors than the continued cost of litigation.

7. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157. Venue in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

8. The statutory predicate for the relief requested herein is Section 105 of the Bankruptcy Code and Rule 9019 of the Federal Rules of Bankruptcy Procedure ("Rule 9019").

### CASE STATUS

9. The Trustee is holding $37,800[1] on deposit in this bankruptcy estate currently.

10. The Trustee is not operating any business of Debtor, and hence there is no operating profit or loss. Debtor does not have an exemption in these settlement funds.

11. The deadline for filing claims was March 23, 2026. The amount of claimed unsecured debt is $527,157.62. The Trustee has not completed her evaluation of those claims and reserves the right to object to any claim in the future.

12. Other unpaid administrative expenses are as follows:

| Expense | Estimated Amount |
|---|---|
| Trustee Estimated Commission | $4,530 |
| Anticipated Attorneys' Fees for Thompson Burton PLLC[2] | $25,000 |
| Bank Fees | Unknown |

---

[1] This includes the proposed settlement funds from the settlements in this Motion.
[2] This is not a final amount and is subject to Trustee approval and further subject to court approval.

13.    The proposed estimated distribution to creditors is as follows:

| Anticipated Funds on Hand | Distribution Amount if all Expenses and Fees Allowed[3] | Amount of Claimed Priority Debt[4] | Anticipated % of Priority Debt to be Paid | Amount of Claimed Non-Priority Unsecured Debt[5] | Anticipated % of Claimed Non-Priority Debt to be Paid[6] |
|---|---|---|---|---|---|
| $37,800 | $8,270 | $222,793.05 | N/A | $304,364.57 | 0.00% |

The amounts and percentages disclosed in the above paragraph are subject to change. At this time, the Trustee cannot predict the amount of the final distribution to creditors. No creditor should solely rely upon these representations in determining whether to object to the Trustee's Motion to Compromise.

## RELIEF REQUESTED

14.    By the Motion, the Trustee seeks an order approving the settlement and compromise of this adversary proceeding as above.

## APPLICABLE AUTHORITY

15.    Bankruptcy Rule 9019 provides that the Court "may approve a compromise or settlement." Compromises are tools for expediting the administration of the case and reducing administrative costs and are favored in bankruptcy. *See Fishell v. Soltow*, No. 94-1109, 1995 WL 66622, at *2 (6th Cir. Feb. 16, 1995); *In re Martin*, 91 F.3d 389, 393 (3d Cir. 1996) ("To minimize litigation and expedite the

---

[3] This amount is subject to change as the case is fully administered and subject to discussions between trustee and counsel.

[4] This amount is subject to change. Such disclosure of this amount does not bar the Trustee from objecting to the allowance of filed claims.

[5] The amount is subject to change. Such disclosure of this amount does not bar the Trustee from objecting to the allowance of filed claims. This is the amount of timely claimed unsecured debt.

[6] This disclosure does not take into account any additional fees or expenses to the estate. It also does not take into account any interest and other fees associated with these unsecured claims. The Trustee reserves the right to object to the allowance of filed claims.

administration of a bankruptcy case, '[c]ompromises are favored in bankruptcy.'") (quoting 9 Colliers on Bankr. ¶ 9019.03 (15th Ed. 1993)). Various courts have endorsed the use of Bankruptcy Rule 9019. *See, e.g., In re Check Reporting Serv., Inc.*, 137 B.R. 653 (Bankr. W.D. Mich. 1992); *Airways, Inc.*, 196 B.R. 268 (S.D.N.Y. 1996); *In re Foundation for New Era Philanthropy*, No. 95-13729B, 1996 Bankr. LEXIS 1892 (Bankr. E.D. Pa. Aug. 21, 1996).

16. The standards by which a Court should evaluate a settlement are well established. In addition to considering the proposed terms of the settlement, the Court should consider the following factors:

a) the probability of success in litigation;

b) the difficulty in collecting any judgment that may be obtained;

c) the complexity of the litigation involved, and the expense inconvenience and delay necessarily attendant to it; and

d) the interest of creditors and stockholders and a proper deference to their reasonable views of the settlement.

*See Protective Comm. for Indep. Stockholders of TMT Trailer Ferry, Inc. v. Anderson*, 390 U.S. 414, 424-45 (1968); *Fishell*, 1995 WL 66622, at \*3; *In re Barton*, 45 B.R. 225, 227 (M.D. Tenn. 1984); *In re Pa. Truck Lines, Inc.*, 150 B.R. 595, 598 (E.D. Pa. 1992), *aff'd*, 8 F.3d 812 (3d Cir. 1993); *In re Grant Broad., Inc.*, 71 B.R. 390, 395 (Bankr. E.D. Pa. 1987); *In re Neshaminy Office Bldg. Assocs.*, 62 B.R. 798, 803 (E.D. Pa. 1986).

17. The decision to approve a settlement or compromise is within the discretion of the Court and is warranted where the settlement is found to be reasonable and fair in light of the particular circumstances of the case. *See TMT Trailer Ferry*, 390 U.S. at 424-25. The settlement need not be the best that the debtor could have achieved, but need only fall "within the reasonable range of litigation possibilities." *In re Pa. Central Transp. Co.*, 596 F.2d 1102, 1114 (3d Cir. 1979). In making its determination, a court should not substitute its own judgment for that of

the debtor. *Neshaminy Office*, 62 B.R. at 803.

18.    Under the circumstances presented here, the Trustee's settlement satisfies the applicable standards.

WHEREFORE, Trustee Johnson respectfully requests that this Court enter an order in the form of the Order submitted herewith and grant such other and further relief as is appropriate.

Respectfully submitted,

*/s/ Trent Meriwether*
Justin Campbell
Trent Meriwether
Thompson Burton PLLC
6100 Tower Circle, Suite 200
Franklin, TN 37067
615-465-6008
justin@thompsonburton.com
tmeriwether@thompsonburton.com
*Counsel to Trustee*

**CERTIFICATE OF SERVICE**

I hereby certify that, on the same day as this filing, a true and correct copy of the foregoing Motion to Approve Compromise and Settlement has been served on all parties of record through this Court's electronic filing system and by U.S. Mail to all parties listed on the creditor matrix attached hereto.

*/s/ Trent Meriwether*
Trent Meriwether

Case 3:25-ap-90124   Doc 18   Filed 07/28/26   Entered 07/28/26 15:32:49   Desc Main
Document      Page 9 of 16

PROPOSED

**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF TENNESSEE**

| | |
|---|---|
| IN RE: | ) |
| | ) Case No: 3:23-bk-03951 |
| PEACOCK JEWELERS, LLC, | ) Chapter 7 |
| | ) Judge Walker |
| Debtor. | ) |
| | |
| ERICA R. JOHNSON, TRUSTEE, | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Adv. Proc. No. 3:25-ap-90120 |
| CAPITAL ONE, N.A., | ) |
| Defendant. | ) |
| | |
| ERICA R. JOHNSON, TRUSTEE, | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Adv. Proc. No. 3:25-ap-90123 |
| SYNCHRONY BANK, | ) |
| Defendant. | ) |
| | |
| ERICA R. JOHNSON, TRUSTEE, | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Adv. Proc. No. 3:25-ap-90124 |
| U.S. BANK, N.A., | ) |
| Defendant. | ) |

## ORDER APPROVING COMPROMISE AND SETTLEMENT

This matter having come for hearing on the motion (the "Motion") filed Erica R. Johnson, chapter 7 trustee herein ("Trustee"), pursuant to Section 105 of the Bankruptcy Code and Bankruptcy Rule 9019, for an order approving the compromise and settlement of the following adversary proceedings (the "APs"):

| Adversary Proceeding No. (the "APs") | Defendant (the "Defendants") |
|---|---|
| 25-ap-90120 | Capital One, N.A. |
| 25-ap-90123 | Synchrony Bank |
| 25-ap-90124 | U.S. Bank, N.A. |

No party-in-interest having timely filed a response to the Motion, and the Court being satisfied that the relief herein is appropriate under the circumstances and having been otherwise sufficiently advised,

IT IS HEREBY FOUND THAT:

A.      The Trustee, in the proper exercise of her business judgment, determined that the relief afforded herein is in the best interests of the Debtor's creditors.

NOW THEREFORE, IT IS HEREBY ORDERED THAT:

1.      The Motion is granted.

2.      The Trustee is hereby authorized to enter into all necessary documents, including settlement agreements or agreed orders, to consummate settlements with the following terms:

    a. Capital One, N.A.; AP No. 25-ap-90120:

        i. Within 30 days of this Court entering the attached order approving this settlement, Capital One shall pay to the estate $25,000.00 (the "Payment").

        ii. The "Effective Date" shall be the later of (a) the date the order becomes final and non-appealable and (b) the date the Trustee receives the Payment. Within 30 days of the Effective Date, the

Trustee shall dismiss this AP with prejudice.

iii. Upon the Effective Date, the Trustee releases Capital One from all claims related to the transfers or the AP that the Debtor or the estate may have against it, or its officers, agents, or employees.

iv. Upon the Effective Date, Capital One releases the Trustee and the estate from all claims related to the transfers or the AP that the Trustee or the estate may have against it, or its officers, agents, or employees.

v. Capital One admits no liability for its conduct or the conduct of its agents or employees.

b. <u>Synchrony Bank; AP No. 25-ap-90123</u>:

i. Within 30 business days of this Court entering the attached order and it becoming final and non-appealable, Synchrony will pay to the estate $2,500.00 (the "Payment").

ii. The "Effective Date" shall be the later of (a) the date the order becomes final and non-appealable and (b) the date the Trustee receives the Payment. Within 10 days of the Effective Date, the Trustee shall dismiss this AP with prejudice.

iii. As of the Effective Date, Synchrony releases the Trustee, Debtor, and each's counsel from all claims it may have against the Trustee or Debtor related to the transfers or Payment.

iv. As of the Effective Date, the Trustee releases Synchrony, its agents, employees, and assigns from all claims the Trustee or Debtor may have against it relating to the transfers, Payment, Debtor, Debtor's business, and Bankruptcy Case.

v. Synchrony admits no liability for its conduct or the conduct of its agents or employees.

c. <u>U.S. Bank, N.A.; AP No. 25-ap-90124</u>:

i. Within 10 business days of this Court entering the attached order and it becoming final and non-appealable, U.S. Bank will pay to

the estate $10,300.00 (the "Payment"), and that Payment may be added or charged back to the outstanding balance of the U.S. Bank accounts to which any portion of the Payment was originally made and credited.

ii. The "Effective Date" shall be the later of (a) the date the order becomes final and non-appealable and (b) the date the Trustee receives the Payment. Within 10 days of the Effective Date, the Trustee shall dismiss this AP with prejudice.

iii. As of the Effective Date, U.S. Bank releases the Trustee, Debtor, and each's counsel and other professionals from all claims it may have against the Trustee or Debtor relating to the transfers or Payment, except that U.S. Bank releases no claims or rights against Paul G. Wilson or any person or entity that received a direct or indirect benefit from the transfers made by Debtor.

iv. As of the Effective Date, the Trustee, for herself and on behalf of Debtor and its professionals, releases U.S. Bank, its employees, and its agents from all claims it may have against it relating to the transfers, the Payment, Debtor's business, and the Bankruptcy Case.

v. U.S. Bank admits no liability for its conduct or the conduct of its agents or employees.

3. This Court will retain jurisdiction to adjudicate any disputes that may arise under this order and to enforce the terms of this order.

This order was signed and entered electronically as indicated at the top of the first page.

AGREED TO AND APPROVED FOR ENTRY BY:

*/s/ Trent Meriwether*
Justin Campbell
Trent Meriwether
Thompson Burton PLLC
6100 Tower Circle, Suite 200
Franklin, TN 37067
615-465-6008
justin@thompsonburton.com
tmeriwether@thompsonburton.com
*Counsel to Trustee*

5

Label Matrix for local noticing
0650-3
Case 3:23-bk-03951
MIDDLE DISTRICT OF TENNESSEE
Nashville
Wed Jul 22 14:45:29 CDT 2026

Erica R. Johnson, Attorney at Law, PLLC
8161 Highway 100, Suite 184
Nashville, TN 37221-4213

Peacock Jewelers, LLC
1713 21st Ave S
Nashville, TN 37212-3703

TN Dept of Revenue
c/o TN Attorney General's Office
Bankruptcy Division
PO Box 20207
Nashville, TN 37202-4015

Wesler & Associates CPA PC
PO Box 19016
Kalamazoo, MI 49019-0016

701 Broadway Room 170
Nashville, TN 37203-3979

Business Backer
10856 Reed Hartman Hwy Ste 100
Cincinnati OH 45242-0209

Carbon Glory
1177 Sixth Avenue
New York, NY 10036-2714

Corporation Service Company
PO Box 2576
UCCSPREP CSCINFOCOM
Springfield IL 62708-2576

DISCOVER
ATTN: BANKRUPTCY DEPT
PO BOX 3025
NEW ALBANY OH 43054-3025

DSL Pearl
98 Cuttermil Road
Suite 211N
Great Neck, NY 11021-3010

First Corp. Solutions, As Rep.
914 S Street
SPRS FICOSO COM
Sacramento CA 95811-7025

Gene Wurzel Rosen
200 Garden City Plaza
Suite 405
Garden City, NY 11530
Garden City, NY 11530-3338

Green Capital Funding LLC
116 Nassau St
New York NY 10038-2402

HP Exports
8807 Ficke Cv
Austin-TX 78717-4844
,

Indoor Media
1445 Langham Creek
Houston, TX 77084-5012

K Star
PO Box 31903
Knoxville TN 37930-1903

Kabbage
Lincoln & Morgan
600 W Broadway Ste 700
San Diego CA 92101-3370

LG Funding
1218 Union St.
Brooklyn NY 11225-1512

LG Funding LLC
200 Garden City Plaza
Suite 405
Garden City, NY 11530
Garden City, NY 11530-3338

PNP Diamond
31 West 47th St
#708
New York, NY 10036-2808

(p)PORTFOLIO RECOVERY ASSOCIATES LLC
PO BOX 41067
NORFOLK VA 23541-1067

Paul G Wilson
325 Eastside Rd
Burns TN 37029-5243

Pure Capital Group
14 Mayflower Dr
Basking Ridge NJ 07920-3803

REGIONS BANK
ATTN: BANKRUPTCY DEPT
PO BOX 11007
BIRMINGHAM AL 35288-8800

ROBERT SCOTT DAVIS
169 WOODMONT BLVD
Nashville TN 37205-2239

TENNESSEE DEPARTMENT OF REVENUE
500 DEADERICK STREET
ANDREW JACKSON STATE OFFICE BUILDING
Nashville TN 37242-0001

TN Dept of Revenue
c/o TN Attorney Generals Office
PO Box 20207
Nashville TN 37202-4015

The Business Backer, LLC
7570 Bales Street, Suite 220
Liberty Township, OH 45069-0004

(p)SBA
Attn: SBA
1835 Assembly Street
Suite 1425
Columbia SC 29201

US Small Business Admin
2 North Street Suite 320
Birmingham AL 35203

US TRUSTEE
OFFICE OF THE UNITED STATES TRUSTEE
701 BROADWAY STE 318
NASHVILLE, TN 37203-3966

ERICA R. JOHNSON
ERICA R JOHNSON, ATTORNEY AT LAW, PLLC
8161 HIGHWAY 100
SUITE 184
NASHVILLE, TN 37221-4213

Jay Lefkovitz
908 Harpeth Valley Place
Nashville, TN 37221-1141

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified
by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

PORTFOLIO RECOVERY
120 CORPORATE BLVD #120
NORFOLK VA  23502

U.S. Small Business Administration
2 International Plaza Suite 500
Nashville, TN 37217

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

(u)THE BUSINESS BACKER, LLC

(d)K-Star Corp.
PO Box 31903
Knoxville, TN 37930-1903

End of Label Matrix
Mailable recipients    33
Bypassed recipients     2
Total                  35